| | | | |
|---|---|---|---|
| THOMAS EARL BIGGERS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |
| _____ | ) | | |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to

Vacate, Set Aside or Correct Sentence which he filed pursuant to 28 U.S.C. § 2255. For the

reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I.       BACKGROUND

Petitioner and a co-defendant were charged in an indictment returned by the Grand Jury

in this District with conspiracy to possess with intent to distribute at least 50 kilograms of

marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(D) (Count 1); one count of conspiracy

to possess with intent to distribute at least 50 kilograms of marijuana, and aiding and abetting the

same, all in violation of 21 U.S.C. §§ 846, 841(b)(1)(D), and 18 U.S.C. § 2 (Count 2); and one

count of possession of a firearm during and in relation to a drug trafficking crime, and aiding and

abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2 (Count 3). Petitioner was

individually charged with possession of a firearm by a felon, in violation of 18 U.S.C. §

922(g)(1) (Count 4). (Criminal Case No. 3:11-cr-00149, Doc. No. 1: Indictment).

Petitioner entered into a written plea agreement with the Government in which he agreed

1

to plead guilty to Count 4 in exchange for the Government's agreement to dismiss the remaining counts if his guilty plea was accepted. The agreement also expressly provided that a four-level enhancement would be applied pursuant to § 2K2.1(b)(6) of the U.S. Sentencing Guidelines Manual ("USSG")(2011) because Petitioner possessed a firearm in connection with the felony drug trafficking offense charged in his indictment. (Id., Doc. No. 22: Plea Agreement ¶ 7(b)).

Petitioner appeared for his Plea and Rule 11 hearing before the magistrate judge and he was placed under oath. The Government explained the elements of Count 4 and the minimum and maximum penalties Petitioner faced upon conviction and Petitioner averred that he understood the § 922(g) charge and that he faced up to 10 years in prison. Petitioner affirmed that he had discussed how the Guidelines might apply to his case with his attorney and he expressed that he understood that the Court had not yet determined his applicable Guidelines range. Petitioner also averred that no one had promised him any particular sentence and that the only promises made in connection with his guilty plea were contained within the plea agreement, and Petitioner confirmed that he understood and agreed with the contents of his plea agreement. Finally, Petitioner admitted that he was in fact guilty of the conduct charged in Count 4. The court's questions, along with Petitioner's answers were reduced to writing and reviewed by Petitioner, and he agreed that his answers were true and Petitioner's plea was accepted after the court found that it was knowing and voluntary. (Id., Doc. No. 24: Acceptance and Entry of Guilty Plea; Doc. No. 54: Tr. of Plea and Rule 11 Hearing).

The U.S. Probation Office prepared a presentence report ("PSR") assigning a base offense of level of 24 under USSG § 2K2.1, and applied the four-level enhancement which the parties agreed to in Petitioner's plea agreement pursuant to USSG § 2K2.1(b)(6). Petitioner's

total offense level was 25 after adjusting for acceptance of responsibility and with a criminal history category of VI, Petitioner's Guidelines range was 100 to 137-months' imprisonment. However, because this range exceeded the statutory maximum, the Guidelines range was reduced to 110 to 120 months in prison. See USSG § 5G1.1(c)(1).

Petitioner's counsel filed several objections to the PSR. In particular, Petitioner argued that a 1990 conviction for possession of heroin for which Petitioner was sentenced to a 5-year, suspended term of imprisonment, and a 1992 conviction for possession with intent to sell or deliver cocaine, for which Petitioner was sentenced to a 5-year term of imprisonment that was ordered to be served consecutively to the sentence imposed for the 1990 heroin conviction, should not be included in the calculation of Petitioner's criminal history points. (Id., Doc. No. 33: PSR ¶¶ 26-27). Petitioner reasoned that those convictions occurred more than 15 years prior to the § 922(g) offense that was charged in Count 4 on his indictment. Counsel further argued that a second conviction for possession with intent to sell or deliver cocaine that was identified in paragraph 28 of the PSR should not be counted because it appeared related to the conviction noted in paragraph 27. The probation officer responded to these objections by noting the following:

> According to USSG §4A1.2(e), "Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. **Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period**." In paragraph 26, the defendant was initially placed on probation and his probation was revoked on August 10, 1992, and a five-year sentence of imprisonment was imposed. He was paroled and had his parole revoked on two occasions and his final release date from that sentence was January 22, 1998. The instant offense occurred on or about October 10, 2010. It appears he was released from that sentence roughly twelve years prior to his commission of the instant offense which is within the fifteen year time period

noted in USSG §4A1.2(e)(1). It appears the criminal history points for this offense are correctly applied and no changes or revisions are recommended at this time.

In paragraph 27, the defendant was sentenced to five years imprisonment on December 2, 1992, to be served consecutively to the time the defendant was already serving. According to North Carolina Department of Correction records, the defendant began serving that sentence on January 22, 1998 and he was paroled on November 7, 1999. The instant offense occurred on or about October 10, 2010. It appears he was released from that sentence roughly eleven years prior to his commission of the instant offense which is within the fifteen year time period noted in USSG §4A1.2(e)(1). It appears the criminal history points for this offense are correctly applied and no changes or revisions are recommended at this time.

In paragraph 28, the defendant is correct that the offense was consolidated with the offense listed in paragraph 27 for sentencing. According to USSG §4A1.2(a)(2), "prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant was arrested for the first offense prior to committing the second offense)." In this case, the defendant was arrested for the first offense on April 9, 1992, and he was arrested for the second offense on July 4, 1992. Each case was sent to the Grand Jury and he was arrested pursuant to the Bill of Indictment for the first offense on May 14, 1992, and for the second offense on November 30, 1992. It is clear the defendant committed the first offense for which he was arrested the same day and then committed the second offense approximately three months later. Because these offenses were separated by an intervening arrest, they are counted separately. Additionally, because this case was consolidated with the conviction in paragraph 27, it appears to fall within the fifteen year time period as explained in the preceding paragraph. It appears the points assessed to this conviction are appropriately applied.

(Id. at pp. 16-17) (bold in original).

During Petitioner's sentencing hearing, Petitioner's counsel stipulated that the offense conduct in the PSR could serve as the factual basis to support his guilty plea to Count 4. The evidence contained in the PSR demonstrating the following:

4.    On October 7, 2010, an officer with the Charlotte Mecklenburg Police Department (CMPD) received information from a confidential informant (CI) that a male, later identified as **Thomas Biggers**, was interested in purchasing 20 pounds of marijuana for $900 per pound. After receiving this information, the

officer met with the CI and the CI called **Thomas Biggers** and gave the officer the phone. The officer had a recorded conversation with **Thomas Biggers**. During the conversation, the officer asked **Mr. Biggers** if he was ready to buy the 20 pounds of marijuana. **Mr. Biggers** stated he was ready but that he only wanted 10 pounds of marijuana instead of 20 pounds. The officer agreed and told **Mr. Biggers** he would meet him in the parking lot of the McDonalds at the corner of Milton Road and Harris Boulevard.

5.      Officers later observed **Thomas Biggers** pull in to the parking lot at McDonalds driving a blue Lincoln Continental with a passenger. **Mr. Biggers** exited the vehicle, met with the CI, returned to his vehicle and left the parking lot. Officers subsequently conducted a traffic stop on the vehicle at the 7000 block of Harris Boulevard. **Thomas Biggers** was asked to exit the vehicle and officers conducted a pat down of **Mr. Biggers**. They located a large fold of money in his left front pocket totaling $8,100. They also located a $20 bill and a $5 bill in his left rear pocket.

6.      A search of the vehicle was conducted to determine if there were any drugs in the vehicle. Upon searching a coat that was located behind the passenger who was sitting in the front right passenger seat, a .40 caliber Smith & Wesson hand gun was located. The front passenger**, Biggers'** nephew Sanchez Biggers, was asked if he knew about the gun and he admitted the gun was his. The gun and the money were seized.

7.      **Thomas Biggers** and Sanchez Biggers were both placed under arrest and interviewed by CMPD detectives. Thomas stated that he sells drugs, that he brought Sanchez and his firearm along with him for protection, and that he handled the firearm himself. Sanchez stated that he, along with his firearm, were with Thomas to protect Thomas. While at the police station, a K-9 unit was used to sniff four different envelopes, one which contained the money seized during this offense. The K-9 alerted to the envelope containing the money seized indicating an odor of some sort of drug was detected.

(Id. ¶¶ 4-7) (bold in original).

After questioning Petitioner about the Rule 11 proceedings, the Court found that the Rule 11 hearing was properly conducted and that the factual basis in the PSR supported the entry of the guilty plea and it was accepted.

After the plea was accepted, Petitioner's counsel addressed his objections to the use of the convictions identified in paragraphs 27 and 28 of his PSR. Petitioner explained

that after examining the records from the state court proceedings and the North Carolina Department of Corrections, it appeared that the convictions were in fact within 15 years from the date of the instant § 922(g) offense and were therefore properly included in Petitioner's criminal history. Petitioner maintained, however, that the heroin conviction listed in paragraph 26 should not be counted because it was outside the 15-year time frame. Petitioner's objection was overruled after the Court noted Petitioner's parole was revoked for the 1990 heroin conviction and that he sustained a period of incarceration for that offense that was within 15 years of his § 922(g) offense. (Id., Doc. No. 55: Tr. of Sentencing Hearing at 3-5). After resolving all objections and hearing from the parties, Petitioner was sentenced to a term of 115-months' imprisonment and he appealed. (Id., Doc. No. 44: Judgment).

On appeal, Petitioner raised a claim of ineffective assistance of counsel contending that his trial counsel was deficient in failing to lodge an objection to his four-level Guidelines enhancement that was applied pursuant to USSG § 2K2.1(b)(6). The Court declined to consider the merits of this argument after noting that issues of ineffective assistance of counsel are generally not cognizable on direct appeal and that ineffective assistance did not appear conclusively established in the record. Petitioner's judgment was affirmed and he did not seek further review by the Supreme Court. See United States v. Biggers, 526 F. App'x 286 (4th Cir. 2013) (per curiam) (unpublished). In this collateral proceeding, Petitioner raises several claims of ineffective assistance of counsel. Petitioner's contentions will be examined below.

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, a Petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner "bears the

burden of proving <u>Strickland</u> prejudice." <u>Fields v. Attorney Gen. of Md.,</u> 956 F.2d 1290, 1297 (4th Cir. 1992) (citing <u>Hutchins v. Garrison</u>, 724 F.2d 1425, 1430-31 (4th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." <u>Fields</u>, 956 F.2d at 1297 (citing <u>Strickland</u>, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. <u>See</u> <u>Sexton v. French</u>, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of <u>Strickland</u> if the 'result of the proceeding was fundamentally unfair or unreliable.'" <u>Id.</u> (quoting <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993)).

A.      Ground One

Petitioner renews his argument that he presented on direct appeal that his trial counsel was ineffective in failing to object to the four-level enhancement under USSG § 2K2.1(b)(6) for possessing a firearm while participating in a drug transaction. Petitioner argues that the enhancement was erroneously applied because no "drugs, drug-manufacturing materials or drug paraphernalia" were found near the firearm that was identified in Counts 3 and 4 of his indictment. Petitioner also argues that the enhancement should not have been applied because there was no evidence that he ever purchased drugs contemporaneously with the discovery of the firearm. (3:13-cv-00451, Doc. No. 1: § 2255 Motion at 4). This argument is without merit for two reasons.

First, Petitioner agreed in his plea agreement that the four-level enhancement would apply to the calculation of his Guidelines range and he averred during his Rule 11 hearing that he

understood and agreed with the terms of his plea agreement. A petitioner is bound by his sworn statements which he makes during a properly conducted Rule 11 hearing and as this Court found during sentencing, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted therefore his present challenge to the application of the four-level enhancement must fail. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

Second, this Court found that the four-level enhancement should apply because the evidence established that Petitioner possessed a firearm "in connection with another felony offense," namely conspiracy to possess with intent to distribute marijuana. See USSG § 2K2.1(b)(6). The offense conduct detailed in the PSR leaves no doubt that Petitioner was engaged in a conspiracy to purchase a large quantity of marijuana based on the amount of drugs he was attempting to buy from the confidential informant (10 pounds), and the amount of cash that was found on Petitioner after he was stopped by the Charlotte Mecklenburg Police Department ($8,100). Furthermore, Petitioner made damaging admissions following his arrest that he was involved in the drug trade and that the firearm was placed in the car for protection, and even though it was established that the gun belonged to Petitioner's nephew, Sanchez Biggers who was an indicted co-conspirator, Petitioner admitted that he had personally handled the gun. (3:11-cr-00149, PSR ¶¶ 4-7).

For the foregoing reasons, this claim will be denied.

B.    Ground Two

Petitioner next argues that his trial counsel was ineffective in failing to object to the application of six criminal history points that he contends were either improperly counted separately or they were improperly counted because the convictions were sustained over ten years before his instant § 922(g) offense. (3:13-cv-00451, § 2255 Motion at 5).

Petitioner was sentenced on December 2, 1992, following his conviction on two counts of possession with intent to sell or deliver cocaine and the offenses were consolidated for judgment. (PSR ¶ 27-28). Petitioner's counsel challenged the use of the conviction in paragraph 28 for possession with intent to sell or deliver cocaine contending that it appeared as though it involved the same offense conduct as the conviction in paragraph 27. The probation officer recommended that this objection be overruled after observing that the offense in paragraph 27 had an offense date of April 9, 1992, and the offense in paragraph 28 carried an offense date of July 4, 1992, and that the offenses were therefore separated by an intervening arrest. (<u>Id.</u> at p.17) (citing USSG § 4A1.2(a)(2)). The Court agreed with this conclusion during sentencing and overruled Petitioner's objection.

Petitioner's counsel also objected to the use of the convictions listed in paragraphs 26 (possession of heroin) and 27 (possession with intent to sell or deliver cocaine) on the ground that the convictions were sustained more than 15-years prior to his § 922(g) offense. The probation officer noted that Petitioner was incarcerated on the heroin offense after his parole was revoked until January 22, 1998, and his consecutive sentence for the cocaine trafficking offense began on the day his sentence for possession of heroin expired. Petitioner's § 922(g) offense was alleged to have occurred on or about October 10, 2010, therefore his convictions were well

within the 15-year time frame because he served active time on the convictions during the relevant time period. (3:11-cr-00149, PSR ¶¶ 26-27).[1]

Because Petitioner's counsel did challenge the use of Petitioner's prior convictions to establish his criminal history points, albeit unsuccessfully, Petitioner has failed to demonstrate any right to relief under <u>Strickland</u>. And in any event, the criminal history points were properly counted therefore Petitioner cannot show prejudice.

C.      Ground Three

In this claim, Petitioner contends that his counsel was ineffective in failing to raise a claim that his Sixth Amendment right to a jury trial was violated because the four-level enhancement under USSG § 2K2.1(b)(6) was not alleged in his indictment or admitted to by Petitioner and its application constituted impermissible judicial fact-finding. (3:13-cv-00451, § 2255 Motion at 7). This argument is without merit.

As previously observed, Petitioner admitted that the four-level enhancement applied in his plea agreement, and in his sworn statement during his Rule 11 hearing in which he admitted that he understood and agreed with the terms of his plea agreement. Moreover, Petitioner's § 922(g) charge had no statutory minimum sentence therefore even if he had not admitted the enhancement was applicable to the calculation of his Guidelines range, his sentence of 115-months' imprisonment was proper because it was within the statutory maximum of 120-months. <u>See</u> <u>Alleyne v. Harris</u>, 133 S. Ct. 2151, 2155 (2013) (noting that any fact which increases a mandatory minimum sentence must either be admitted by the defendant or found beyond a reasonable doubt by a jury).

---

[1] Petitioner's contention that the sentences must have been served within a 10-year window is simply erroneous.

D.      Motion to amend

Petitioner filed a motion to amend his § 2255 motion to include a claim that his trial counsel was ineffective in failing to file a motion to suppress prior to his entry into the plea agreement and his concomitant guilty plea. Specifically, Petitioner contends that if his counsel had pursued a motion to suppress evidence which was obtained following an illegally prolonged traffic stop, then Petitioner's bargaining position would have been strengthened and he would have received a better plea offer. (3:13-cv-00451, Doc. No. 3: Motion to Amend at 1).

The Fourth Circuit affirmed Petitioner's judgment on direct appeal on May 22, 2013, and Petitioner did not file a petition for certiorari with the Supreme Court therefore his judgment became final on August 20, 2013, or 90 days later. See Clay v. United States, 537 U.S. 522, 525 (2003) (judgment final when time for filing certiorari petition expires). According to Petitioner's verified statement, he placed his original § 2255 motion in the prison mailing system on August 6, 2013, so it was deemed filed on that date and it was clearly timely because he had until August 20, 2014 to file the motion. Petitioner's motion to amend, which was filed on June 1, 2015, at the earliest, is however untimely because it was filed well outside his one-year limitation period which had expired on August 20, 2014.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's claim could be deemed timely if the claim related back to one of his three timely-filed claims that he presented in his § 2255 motion, but that is not the case here. See Fed. R. Civ. P. 15(c)(1)(B); United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). The motion to amend must be denied because Petitioner's claim that his attorney should have filed or counseled him regarding a motion to suppress evidence obtained following an allegedly prolonged traffic stop has no relationship whatever to any of his original § 2255 claims.

In addition, Petitioner's claim regarding the potential success of a motion to suppress is purely speculative and fails to appreciate the evidence of record which demonstrates that he arranged a drug purchase over the phone with a confidential informant and he appeared at the agreed-upon meeting place. Accordingly, the arresting officers had probable cause to detain Petitioner and search his vehicle for drug contraband and other evidence. See United States v. Madewell, 917 F.2d 301, 304 (7th Cir. 1990) (holding no ineffective assistance of counsel because any motion to suppress was unlikely to prevail).

IV.    CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 Motion is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** Petitioner's Motion to Amend is **DENIED**. (Doc. No. 3).

**IT IS FURTHER ORDERED** that Petitioner's § 2255 Motion to Vacate is **DENIED** and **DISMISSED with prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: November 30, 2015

Robert J. Conrad, Jr.
United States District Judge

14